AGUSTIN ALONZO SOBRINO

*v.*

FRANCISCO MAIMY E IZQUIERDO.

San Juan, Nos. 841 and 920.

AS TO NEW TRIALS.

Practice—New Trial on Terms.

1. Where a new trial is granted upon certain terms as to payment

Sobrino v. Izquierdo.

of expenses, and these are not complied with, the case goes off the docket without more.

Practice—Dismissal Without Prejudice at Law.

        2. In the Porto Rican courts a dismissal may be without prejudice: and where this practice has been followed in a case in the Federal court, a new complaint may be filed, and the case will be set for trial. This is equivalent to taking a nonsuit at common law.

Opinion filed April 30, 1913.

————

*Mr. E. B. Wilcox* for plaintiff.

*Mr. Hugh R. Francis* for defendant.

HAMILTON, Judge, delivered the following opinion:

These two cases, which have been under consideration by me, were submitted upon this peculiar state of facts: There was a suit brought for libel, and the plaintiff failed to make out his own nationality. The case was then taken from the jury by my predecessor, and dismissed without prejudice. Subsequently the plaintiff filed a new suit, identically the same, as I understand it, on the idea that he was exercising his right under that clause, "without prejudice." Subsequently still, if I have the order correctly, he made a motion for a new trial in the original suit, and that was granted upon certain terms, such as his paying certain expenses. These included costs and attorneys' fees, as I understand it. He was given a certain length of time, but did not conform. That case, No. 841, I have held is improperly on the docket. He did not conform to the terms for reinstatement, and so it is off the docket.

Sobrino v. Izquierdo.

There still remains, however, this new suit which he brought, and my first impression was that we could not proceed with that because the issue had been really decided against him,—that of nationality or citizenship. My idea was that a dismissal without prejudice does not obtain in a law court. It does, of course, in a court of equity. This was a law case. But I am of the opinion that I should not act upon that idea. The court practice here has been otherwise. The local courts dismiss without prejudice, and that is practically the same as taking a nonsuit, and, while that may or may not be proper, as to which I say nothing, it would be a hardship to apply a new principle in an old case.

For that reason, then, I will hold that No. 920 is properly on the docket, and can be proceeded with, but upon this condition: The former case was to be reinstated upon payment of certain expenses. I will set No. 920 and allow it to be proceeded with upon the same terms. It seems to me I am in that doing justice to all parties. Whatever the terms were in 841 will be considered as repeated in the present order, and they must be complied with within twenty days. So that will be the order. No. 920, for the present, will be passed, but will be set and tried, provided the plaintiff complies with the terms originally set in No. 841 within the next twenty days. I think in this manner I am doing substantial justice, and such an order will be entered.